IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TODD M. BIERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV291 |
| | ) | |
| v. | ) | |
| | ) | |
| EXTERIOR SOLUTIONS, INC., a | ) | ORDER |
| Nebraska Corporation, STEPHEN P. | ) | |
| RAMM, and KIMBERLY S. RAMM, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's motion to remand and for an award of costs and fees, Filing No. 3. For the reasons stated on the record at a hearing on this matter on July10, 2007, plaintiff's motion to remand will be granted.

The standard for an award awarding fees under 28 U.S.C. § 1447(c) is "turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacks an objectively reasonable basis for seeking removal; conversely, when an objectively reasonable basis exists, fees should be denied. *Id.* The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. *Id.* at 140.

Defendants filed their notice of removal on the eve of trial, purportedly in response to an amended complaint filed by the plaintiff in the state court action that added a new

claim based on the Fair Labor Standards Act ("FLSA").  In his initial complaint in the action, filed in state court on August 9, 2006, Bierman alleged that he had been denied wages due him for overtime work performed while he was employed by the defendants under an alleged agreement between the parties that he would be paid $18.00 an hour and "to the extent Bierman worked more than 40 hours per week, he be paid overtime at the rate of $27.00 per hour, as required by the federal Fair Labor Standards Act."  See Filing No. 1, Notice of Removal, Douglas County District Court Complaint at 1.  Bierman asserted the following claims:  "Count I - Wage Payment," seeking damages for unpaid wages, costs and attorneys' fees and additional damages in an amount "equal to double the amount of Plaintiff's unpaid wages, to be paid to the common school fund" pursuant to Neb. Rev. Stat. § 48-1232; "Count II - Fraudulent Misrepresentation;" and "Count III - Malicious Prosecution."  Id., Complaint at 4 - 6.  The records presented to the court show that Bierman's malicious prosecution claim was dismissed on a motion for summary judgment, as was the defendants' counterclaim for breach of contract.  Filing No. 1, State Court Order dated Feb. 1, 2008 at 9.  The state court found that the defendants' breach of contract claim was subject to dismissal because the purported oral contracts authorizing the defendants to withhold overtime wages were void and unenforceable as contravening the Nebraska Wage Payment and Collection Act.  Id. at 8.

After the matter was set for trial in state court, Bierman moved, on June 30th, 2007, to amend his complaint by interlineation.  Filing No. 5, Index of Evidence in Support of Motion to Remand, Affidavit of David J. Skalka ("Skalka Aff.") at 1, attached Exhibit A, Plaintiff's Amended Motion for Leave to Amend Complaint by Interlineation ("Motion to Amend") at 1-4.  Bierman sought leave to change the amount of damages sought for

2

unpaid wages from $8,316.00 to $9,816.00, and to delete the phrase "less $1,500.00 paid in kind by the [defendants], for wages earned" in his prayer for damages which would reflect the state court's finding on unenforceable "in-kind" or loan payments. *Id.,* Motion to Amend at 1-2. He also sought to add, with respect to the "Wage Payment" claim (Count I), the following language: "Defendants' failure to pay said wages is a violation of the Fair Labor Standards Act," as well as the reference to recovery of "an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b)." *Id.* at 1-2. In his motion, Bierman characterized the amendment as a clarification "because the Fair Labor Standards Act applies as already alleged" and asserted that "Defendants will not be unduly prejudiced as this amendment sets forth application of law already alleged in the Complaint to the facts already alleged in the Complaint, and makes no additional factual allegations." *Id.* at 2-3. The motion was granted on July 3, 2008. *Id.,* Skalka Aff. at 1.

Trial of the action was to commence in state court on July 9, 2008. *Id.* at 2. The defendants filed their Notice of Removal on July 8, 2008 at 3:54 p.m. CDT. Filing No. 1. In their notice of removal, defendants contend that the plaintiff amended the complaint by interlineation to assert violations of the Fair Labor Standards Act and that the notice of removal "was filed within thirty days of the receipt of the amended pleading from which it could first be ascertained that the case is one which has become removable, as required by 28 U.S.C. § 1446(b)." *Id.*

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Moreover, a district court is required to resolve doubts concerning

3

federal jurisdiction in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). Any case in which a United States District Court has original jurisdiction can be removed. 28 U.S.C. § 1441(a) & (b); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). State and federal courts have concurrent jurisdiction over FLSA cases. *Kreus v. Stiles Serv. Ctr.,* 550 N.W.2d 320, 324 (Neb. 1996). The section of the FLSA that provides for concurrent jurisdiction does not bar removal of a suit from state to federal court." *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003); 29 U.S.C. § 216(b).

The federal removal statute provides that a civil defendant must file a notice of removal within thirty days after the receipt by the defendant of a copy of the initial state court pleading and a defendant is generally barred from asserting any ground for removal not attempted within that thirty day period. *Dahl v. R.J. Reynolds Tobacco, Inc.*, 478 F. 3d 965, 968 (8th Cir. 2007); 28 U.S.C. § 1446(b). The 30-day limitation in section 1446(b) is meant to deprive the defendant of undeserved tactical advantage and to prevent the delay and waste of resources involved in starting a case over in a second court. *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982). However, "[i]f the case stated by the initial pleading is not removable," a notice of removal may be filed within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it <u>may</u> <u>first</u> <u>be</u> <u>ascertained</u> that the case is one which is or has become removable. . . . " 28 U.S.C. § 1446(b) (emphasis added). "In such a situation the thirty day time period starts again upon receipt of the document, provided that the case as stated by the initial pleading was not removable." *Dahl*, 478

4

F.3d at 969. If a notice of removal is untimely, the district court lacks jurisdiction over the action. *Id.* at 970-71.

The court finds the defendants' removal of the case was not objectively reasonable. The defendants could have ascertained that the action was removable in the initial complaint. The Fair Labor Standards Act is expressly referred to in the initial complaint, as are allegations of failure to pay overtime as required under the Act and references to liquidated damages. There is no language explicitly limiting the "Wage Payment" claim to a specific statute. The additional allegations set out in the amended pleading only clarify the claim, maybe not articulately stated, that appeared in the initial complaint. To the extent that the plaintiff's amended complaint states a claim under the Fair Labor Standards Act, that claim has been involved in the case from the outset. Indeed, the finding that no new claims or issues are presented in the plaintiff's proposed amended pleading is implicit in the state court's grant of leave to amend on the eve of trial. The defendants were, or should have been, on notice that a federal claim had been presented in the complaint. Accordingly, the amended pleading was not the pleading from which it could first be ascertained that the case was one that was removable, and the thirty day period in which to remove a case did not begin anew. Under 28 U.S.C. § 1446(b), the defendants had 30 days from service of the initial complaint to remove the case to federal court. The defendants' removal is untimely and this court lacks jurisdiction over the action. Under the circumstances of this case, the court is unable to find that the defendants' removal of the action was objectively reasonable.

Accordingly, the court finds that the plaintiff's motion for attorneys' fees should be granted. Fees will be awarded in an amount to be later determined by the court on an

5

application for fees and a showing of the amount of attorney time reasonably expended in response to the defendant's notice of removal.  For the reasons stated herein and those stated on the record at the hearing on this motion,

IT IS HEREBY ORDERED:

1. Plaintiff's motion to remand and for costs and attorneys' fees (Filing No. 3) is granted.

2. Plaintiff is awarded costs and actual expenses, including attorneys' fees, incurred as a result of the removal, in an amount to be later determined by the court.

3. Plaintiff shall file a verified bill of costs in accordance with the local rules.

4. Plaintiff shall file an application for attorneys' fees and supporting documentation within 2 weeks of the date of this order; defendants shall have 10 days thereafter to object or respond to the plaintiff's application.

4. This action is remanded to the District Court of Douglas County, Nebraska.

5. The Clerk of Court is directed to mail a certified copy of this order to the Clerk of the Douglas County, Nebraska, District Court.

DATED this 11th day of July, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge